Dear Mayor Broussard:
This office is in receipt of your request for an opinion of the Attorney General in regard to transport and incarceration of prisoners. You ask if it is correct that any person arrested for any crime by city police, other than city charges, can be brought to parish prison and must be accepted at the prison at no charge to the city.
This office has rendered several opinion regarding the custodial responsibilities of the Parish and City, respectively, for the incarceration and care of prisoners. In Atty. Gen. Op. No. 89-234 this office stated as follows:
 The sheriff, as keeper of the public jail of the parish, must accept, for incarceration, all persons charged with the criminal violation of a state statute, whether the offense be for a felony or a misdemeanor. For prisoners convicted of violating municipal or parish ordinances, however, the sheriff is under no obligation to incarcerate them in the parish jail in the absence of a contract between the police jury and a municipality. LSA-R.S. 15:702, 704; Opinions of the Attorney Gen. Nos. 81-614, 82-895, 82-1003.
 All felons are by definition accused of violating state law, and if Opelousas City Police bring those offenders at time of arrest to the parish jail for booking, the sheriff by law must accept them into his custody. It is not the commencement of judicial proceedings that is the predicate event triggering the sheriff's duty, but the simple presentation for booking of a prisoner charged or convicted of a state offense.
 Conversely, if city police elect to book a felon in the municipal jail, the feeding, clothing, housing and medical care for such persons is the financial responsibility of the municipality, with no right to reimbursement. When transferred to the custody of the parish jail, the fiscal responsibility shifts to the parish for the care of the prisoners.
Therefore, any person arrested for a state charge, whether a felony or misdemeanor, as opposed to an ordinance violation, can be brought to the sheriff and must be accepted at no charge to the city. Thus, the charge for which the person is arrested is the determinative factor as to whom he should be transported.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR